MEMORANDUM **
Quentin Jackson appeals on two grounds his convictions for multiple counts of armed bank robbery and use of a firearm during crimes of violence. We affirm.
Jackson’s first claim is that there is insufficient evidence to show that he was the perpetrator of each of the five robberies. However, Jackson was positively identified by multiple eyewitnesses and was caught on tape at three of the robberies. At the one robbery for which the government did not produce a witness identifying Jackson as the robber, the bank surveillance camera and eyewitness testimony demonstrated that a man fitting Jackson’s general description exited the bank at the time of the robbery and entered a car that looked very similar to a car registered in Jackson’s name that he used during another of the robberies. The evidence is sufficient to show that Jackson was the perpetrator in each robbery.
Jackson’s second claim is that the district court improperly held that he was incompetent to represent himself at trial *120 for the reason that he is deaf and has difficulty speaking. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Indiana v. Edwards, - U.S. -, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). However, this characterization is not accurate. Jackson’s argument on appeal fails to acknowledge that, after the district court judge advised him of the perils and potentially severe consequences of self-representation, see, e.g., United States v. Hayes, 231 F.3d 1132, 1138-39 (9th Cir.2000), he affirmatively waived his right to self-representation and elected to proceed to trial with counsel. Jackson explicitly confirmed his waiver at least five times, and thus his claim that he was improperly denied his right to self-representation is without merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.